Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOH EMANUELE,                                                    Case No.: 17-cv-6376

                    Plaintiff,                              **ECF CASE**

                v.                                              **COMPLAINT AND JURY DEMAND**
                                                       **FOR DAMAGES FOR COPYRIGHT**
CRITICAL REAL ESTATE SOLUTIONS, INC.             **INFRINGEMENT**
and SEAN FROST d/b/a THE OTTAWA HOME
RENOVATOR,

                    Defendants.
----------------------------------------------------------------x

       Plaintiffs JOHN EMANUELE by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants CRITICAL REAL ESTATE SOLUTIONS, INC. and SEAN FROST d/b/a THE OTTAWA HOME RENOVATOR for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA"). Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

**NATURE OF THE ACTION**

1. Defendants created and distributed an advertisement (the "Subject Advertisement"), which synchronizes plaintiff EMANUELE's musical composition Epic Loop, U.S. Copyright Reg. No. SR 677 965, without a license.

2. Defendants' infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

3. Defendants' abstraction of the Copyrighted Composition, and removal of all identifying information is a violation of the DMCA.

**JURISDICTION**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has *in personam* jurisdiction over the defendants because the defendants have established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade. Defendants generate revenue through their YouTube page, which can also be used and viewed within this Judicial District in the ordinary course of trade.

7. Defendants generates a significant amount of income from New York state due to advertisements targeting at New York state and this Judicial District.

8. Defendant FROST frequently renovates homes throughout New York state.

2

9. Defendant CRITICAL targets New York with its advertisements in order to generate revenue.

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

10. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

11. Defendant CRITICAL synchronized, reproduced, and distributed the Subject Advertisement through websites like YouTube. This is a tort (copyright infringement) committed without the state. Defendant FROST distributed the Subject Advertisement in the ordinary course of business to CRITICAL.

12. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

13. Defendants regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**VENUE**

14. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

15. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

3

16. Plaintiff's Copyrighted Composition was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

## PARTIES

17. At all times material hereto, plaintiff JOHN EMANUELE ("EMANUELE") was, and is, An individual residing at 75-10 197th Street, Flushing, New York.

18. Upon information and belief, defendant CRITICAL REAL ESTATE SOLUTIONS, INC. ("CRITICAL") was, and is, a company based in Canada, with a principal place of business located at 356 Holland Avenue, Ottawa, ON K1Y 0Y8.

19. Upon information and belief, defendant SEAN FROST d/b/a THE OTTAWA HOME RENOVATOR ("FROST") is an individual and resident of Canada. He can be served process at 275 Slater Street, Suite 900, Ottawa, ON K1P 5H9.

## FACTS

20. Plaintiff EMANUELE is the creator and sole beneficial owner of all rights associated with U.S. Copyright Registration No. SR 677-965 which covers the musical compositions *Epic Loop*.

21. Plaintiff's U.S. Copyright Registration is attached as **Exhibit 1**.

22. On or about March 8, 2017, plaintiff discovered the Subject Advertisement which was created by defendant FROST and given to defendant CRITICAL.

23. Defendant FROST frequently gives his clients promotional videos of the work he performed for them.

24. CRITICAL distributed the Subject Advertisement on YouTube at https://www.youtube.com/watch?v=prQ73OnzDEs.

25. The Subject Advertisement has defendant FROSTS trade name in the lower right corner from start to finish.

26. On March 10, 2017, defendant CRITICAL responded to plaintiff's email stating that it would investigate. CRITICAL also admitted that defendant FROST created the video.

27. Attached as **Exhibit 2** is the email string.

28. After numerous unanswered emails, the present matter was necessitated.

29. Plaintiff's Copyrighted Composition runs the entire length of each Subject Advertisement.

30. Defendant FROST created the Subject Advertisement without a synchronization, sound recording, or publishing license. Defendant CRITICAL distributed, or caused the Subject Advertisements to be distributed to the public for performance through YouTube.

31. There very well may be additional Internet portals used by defendants to distribute the Subject Advertisement.

32. This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

33. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

34. It cannot be disputed that the plaintiffs have a valid, registered copyrights, and own all rights to the Copyrighted Composition.

35. Defendants, without authority from plaintiffs, reproduced, synchronized, publicly displayed, and/or publicly distributed the Subject Advertisement embodying plaintiff's Copyrighted Composition.

36. Defendants have intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

5

37. Defendant's use of the Copyrighted Composition was not for criticism, comment, news reporting, teaching, scholarship, or research.

38. Defendant's use was not transformative.

39. Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Composition, using the entirety of each song, without a license.

40. Defendants have intentionality infringed plaintiff's rights.

41. As a direct and proximate result of defendants' infringements, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF TE DMCA

42. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

43. Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b)."

44. Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

45. Defendants failed to include information which identified the Copyrighted Compositions, the author of the Copyrighted Compositions, the owner of any right in the Copyrighted Compositions, or information about the terms and conditions of use of the Copyrighted Compositions.

46. The defendants violated the DMCA each time they wrongfully distributed the Subject Advertisement.

47. Defendants also violated section 1202 by, upon information and belief, abstracting the Copyrighted Compositions, removing and/or altering their anti-circumvention software.

48. Defendants did the forgoing with the intent to conceal the infringement.

49. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff pray for judgment against defendant, and awarding plaintiffs as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. four awards of statutory damages according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

7

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable; and,

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 1, 2017  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)